UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARGARET B. THOMPSON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-11042-LTS |
| JULIE SGROI, JANE TREMBLAY, LYNNFIELD PUBLIC SCHOOLS, and THE MASSACHUSETTS INTERLOCAL INSURANCE ASSOCIATION, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO REMAND (DOC. NO. 22)

July 11, 2019

SOROKIN, J.

On April 8, 2019, plaintiff Margaret Thompson filed a multi-count complaint in Essex Superior Court asserting numerous state law claims and one federal claim against Lynnfield Public Schools ("LPS") and two employees of the school system. Doc. No. 1-2. The defendants timely removed the case to federal court. Doc. No. 1. At the Rule 16 conference held on June 10, 2019, the plaintiff indicated that she intended to file an amended complaint. She did so on June 24, 2019, now only asserting claims against the Town of Lynnfield and one employee of LPS. Doc. No. 20. In the amended complaint, the plaintiff no longer asserts any federal claim. Id. The remaining defendants have now moved to remand the case on the basis that this Court lacks subject matter jurisdiction. Doc. No. 22. The plaintiff opposed, asking the Court to exercise its supplemental jurisdiction. Doc. No. 23.

While the basis for the initial assertion of federal subject jurisdiction has evaporated, the Court continues to possess subject matter jurisdiction over this case by virtue of its supplemental jurisdiction over the state law claims. Delgado v. Pawtucket Police Dep't, 668 F.3d 42, 48 (1st Cir. 2012) ("Once a case is properly before a federal district court, however, that court has broad authority to retain jurisdiction over pendant state law claims even if the federal claim is later dismissed."). The First Circuit has counseled that "the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256–57 (1st Cir. 1996). "In determining whether to retain jurisdiction on such an occasion, the court must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." Delgado, 668 F.3d at 48.

Here, the Court has done nothing more than preside over a Rule 16 scheduling conference. In these circumstances, and after consideration of the facts described in the plaintiff's opposition, the Court ALLOWS the motion to remand, Doc. No. 22. The Clerk shall remand this case to Essex Superior Court.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge